UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  20-CV-21580-MARTINEZ
MAGISTRATE JUDGE REID

AJAY SINGH,

     Petitioner

v.

UNITED STATES ATTORNEY
GENERAL, et al.

     Respondent

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

In the case at hand, Petitioner, **Ajay Singh**, essentially challenges his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") and argues that he is entitled to immediate release from ICE custody pursuant to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 698-701 (2001) (holding that removable aliens may only be detained for a "reasonable period," which is presumed to be six months,

unless it can be shown that there is a "significant likelihood of removal in the reasonable foreseeable future."). [ECF No. 1 at 4-7]. At the time the Petition was filed, Petitioner was in ICE custody and detained in the Krome Service Processing Center in Miami, Florida. [*Id*. at 5].

Respondent, however, states that since filing the Petition, Petitioner has been released from ICE detention pursuant to an Order of Supervision, which Respondent attached to the response. [ECF No. 9 at 2; ECF No. 9-1]. Accordingly, Respondent argues, there is no longer a case or controversy under Article III, § 2 of the United States Constitution, and the Court should dismiss the Petition as moot. [*Id*. at 2] (citing *Spencer v. Kenma*, 523 U.S. 1, 7 (1998); *Soliman v. United States ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002)).

After careful consideration, and as further discussed below, the Undersigned **RECOMMENDS** that the Petition [ECF No. 1] be **DISMISSED AS MOOT**.

## II.    Discussion

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'" *Soliman*, 296 F.3d at 1242 (citations omitted). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id*. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id*.

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. *See id*. The alien was removed from the United States while the appeal was pending. *See id*. In light of Soliman's removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought - release from detention pending removal, in addition to other relief - could not be affected by any order from the Court since Soliman was no longer being detained. *Id*. at 1243.

Here, a search of ICE's Online Detainee Locator System reveals no matching results for Petitioner, searching both with Petitioner's A-Number and his name. The Undersigned takes judicial notice of such pursuant to Fed. R. Evid. 201. Further, Respondent has produced documentation indicating that Petitioner has been released from ICE detention pursuant to an April 27, 2020 Order of Supervision. [*See* ECF No. 9-1].

Thus, the Court concludes that Petitioner has been released from custody and his Petition [ECF No. 1] is moot. *See Soliman*. 296 F.3d at 1242-43. Since Petitioner is no longer in ICE custody, no order from this Court directing his release would have any effect. As such, there is "nothing for us to remedy, even if we were disposed to do so.'" *Id*. at 1243 (quoting *Spencer*, 523 U.S. at 18).

### III.   Recommendations

Based on the above, it is **RECOMMENDED** that the Petition for Writ of Habeas Corpus [ECF No. 1] be **DISMISSED AS MOOT** and this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of June, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   **Ajay Singh\***
      A#073419241
      Krome Service Processing Center
      Inmate Mail/Parcels
      18201 SW 12th Street
      Miami, FL 33194
      PRO SE

      \*Last known address

      Ajay Singh\*
      13371 SW 51st Street
      Miami, FL 33175

      \*Address in Order of Supervision

4

**Stephen James Demanovich**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-215-0262
Email: Jesselyn.perez@usdoj.gov